UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>**Plaintiff**<br><br>v.<br><br>a.　One Beretta Nano pistol, 9mm caliber, serial number NU043336;<br><br>b.　One Beretta magazine with eight (8) rounds of 9mm caliber ammunition;<br><br>c.　One Glock pistol, model 26, 9mm caliber, serial number VTB325;<br><br>d.　One Glock magazine with 10 rounds of 9mm caliber ammunition; and<br><br>e.　One Glock .40 magazine, with a capacity of 22 rounds of ammunition, with 21 rounds of 9mm caliber ammunition,<br><br>**Defendant** *in rem*. | CIVIL NO. 20- |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its undersigned attorneys, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

1. This is a civil action *in rem* brought to enforce the provisions of 21

U.S.C. §§ 841(a)(1), (b)(1)(C) and 881(a)(6); 18 U.S.C. §§ 924(a)(2), (c)(1)(A), and 922(g)(1).

2. The defendant properties seized by law enforcement officers of the Drug Enforcement Administration (DEA). The properties are:

   a. One Beretta Nano pistol, 9mm caliber, serial number NU043336;

   b. One Beretta magazine with eight (8) rounds of 9mm caliber ammunition;

   c. One Glock pistol, model 26, 9mm caliber, serial number VTB325;

   d. One Glock magazine with 10 rounds of 9mm caliber ammunition; and

   e. One Glock .40 magazine, with a capacity of 22 rounds of ammunition, with 21 rounds of 9mm caliber ammunition.

3. This Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345; over an action for forfeiture pursuant to 28 U.S.C. § 1355; and over this particular action pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 881(a)(6); 18 U.S.C. §§ 924(a)(2), (c)(1)(A), and 922(g)(1).

4. This Court has *in rem* jurisdiction over the defendant properties pursuant to 28 U.S.C. §§ 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and 1355(b)(1)(B) (the defendant properties are found in this district).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and 1395 (the defendant properties are found in this district).

6. This is a civil action *in rem* brought to enforce the provisions of 21 U.S.C. §§ 841 (Unlawful acts), 881 (Forfeitures); 18 U.S.C. §§ 924(d)(1) (Any firearm or ammunition involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922; 2 (Principals); and 922(g)(1) (unlawful acts).

7. The facts and circumstances supporting the seizure and forfeiture of the defendant properties are contained in the 28 U.S.C. § 1746 unsworn declaration of the Drug Enforcement Administration (DEA), Special Agent, Lorena Jimenez attached hereto, and incorporated herein as if fully stated.

WHEREFORE, the United States of America prays that a warrant of arrest for the defendant properties be issued; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant properties condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this 19th day of August, 2020.

W. STEPHEN MULDROW
United States Attorney

*s/ Linet Suárez*
Linet Suárez
Assistant United States Attorney
USDC-PR No. G03015
United States Attorney's Office

3

>350 Carlos Chardón Street
>Suite 1201
>San Juan, Puerto Rico 00918
>Linet.Suarez2@usdoj.gov
>Tel: (787) 282-1843

## VERIFIED DECLARATION

I, Linet Suárez, Assistant United States Attorney, declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That the foregoing Complaint is based on reports and information furnished to me by the DEA; that everything contained therein is true and correct to the best of my knowledge and belief.

Executed in San Juan, Puerto Rico, this 19th day of August, 2020.

s/ Linet Suárez
Linet Suárez
Assistant United States Attorney

## VERIFIED DECLARATION

I, Lorena Jimenez, Special Agent, Drug Enforcement Administration (DEA), hereby declare as provided by 28 U.S.C. § Section 1746, the following:

We have read the contents of the foregoing Complaint for Forfeiture *in Rem* and the attached unsworn declaration thereto, and we find the same to be true and correct to the best of my knowledge and belief. We declare under penalty of perjury that the foregoing is true and correct.

Executed in San Juan, Puerto Rico, this 19 day of August, 2020.

Lorena Jimenez, Special Agent
Drug Enforcement Administration (DEA)

UNSWORN DECLARATION
IN SUPPORT OF FORFEITURE COMPLAINT

INTRODUCTION

I, Lorena Jimenez, Special Agent of the Drug Enforcement Administration (DEA), being duly sworn, depose and state the following:

I am currently assigned to the DEA Caribbean Division San Juan Office. I am a law enforcement agent of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. §§ 2516(1) and 545. I have received specialized training in law enforcement concerning controlled substances as found in 21 U.S.C. §§ 841 (a)(1) and 846 as well as 18 U.S.C. § 924(c). I have been employed as a Special Agent of the DEA since July 2018.

Based on my training and experience, I am familiar with narcotics smuggling techniques, the types and amounts of profits made by drug dealers, and the language and terms used to disguise the source and nature of the profits from illegal activities. Additionally, I am familiar with the violence utilized to further these crimes.

The information contained in this affidavit is for the limited purpose of establishing probable cause for the violations listed on the attached civil complaint and therefore does not include all of the facts of this investigation. The information contained in this affidavit is based on my personal knowledge and information furnished to me by other senior federal and state law enforcement officers. For the

reasons set forth below, I respectfully submit that the following facts are true and correct:

## PROPERTY TO BE FORFEITED

a. one (1) Beretta Nano pistol, 9mm caliber, serial number NU043336;

b. one (1) Beretta magazine with eight (8) rounds of 9mm caliber ammunition;

c. one (1) Glock pistol, model 26, 9mm caliber, serial number VTB325;

d. one (1) Glock magazine with 10 rounds of 9mm caliber ammunition; and

e. one (1) Glock .40 magazine, with a capacity of 22 rounds of ammunition, with 21 rounds of 9mm caliber ammunition.

## BASIS FOR FACTS CONTAINED IN THIS UNSWORN DECLARATION

1. On August 9, 2018, DEA Caribbean Corridor Strike Force (CCSF) agents received information regarding a money laundering transaction involving approximately $250,000.00 United States currency (USC) that would be occurring in San Juan, Puerto Rico (PR). A DEA CCSF undercover (UC) agent was in communication via a series of recorded phones with a male, later identified as Jossue Manuel APONTE-Mejia, regarding the money laundering transaction. Throughout the phone calls, APONTE-Mejia informed the UC agent that he was in possession of "veinticinco, una peseta," directly translating to "twenty-five, a quarter." The UC agent asked APONTE-Mejia if that included the zeros and then, based on the Affiant's training and experience, APONTE-Mejia began utilizing coded conversation to thwart law

2

enforcement efforts and avoid detection when referencing the illicit profits. During the conversation, APONTE-Mejia used the terms "twenty-five" and "a quarter" to reference the $250,000.00 USC. The UC asked APONTE-Mejia if the amount equated to a "melon" split into four pieces. A "melon" is a term used as code for a million dollars in USC, which when split into four pieces equals $250,000.00 USC apiece. The UC also asked APONTE-Mejia to confirm the size of the "jeans," which is a term used as code for currency, and APONTE-Mejia replied that he already confirmed the amount in his possession to hand over to the UC.

2. That same date, at approximately 3:34 p.m., the UC and APONTE-Mejia agreed to meet at the Best Buy store located at 230 Calle Federico Acosta, San Juan, PR 00918. APONTE-Mejia informed the UC that he was in the lower level of the Best Buy store parking lot and that he was driving a white pickup truck. At that moment, CCSF agents observed a white Nissan Frontier pickup truck with black tinted windows and PR license plate no. 829763 enter the lower level of the Best Buy store parking lot. CCSF agents proceeded to query PR license plate no. 829763 in the PR Driver and Vehicle Information Database (DAVID). According to DAVID records, the Nissan Frontier bearing PR license plate no. 829763 was registered to Victoria Roxana RIVERA-Matos. CCSF agents did not observe RIVERA-Matos to be present during the money laundering transaction, but based on the Affiant's training

and experience, individuals involved in money and drug trafficking offenses utilize vehicles registered to third parties in order to conceal their own identities from law enforcement officers.

3. After few turns in the parking lot space, CCSF agents observed the white Nissan Frontier positioned in the lower level of the Best Buy store parking lot. At this point, a Puerto Rico Police Department (PRPD) marked unit stopped the white Nissan Frontier and two (2) PRPD officers approached the pickup truck while visibly displaying their law enforcement uniforms and insignia. Upon arrival, due to officer concerns, the PRPD officers identified themselves and requested the driver, APONTE-Mejia, to lower the front side window. After approximately three (3) requests from the PRPD officers to lower the front side window, the driver, APONTE-Mejia, lowered the front side window. As soon as the PRPD officers gained visibility of the inside of the vehicle, the PRPD officers observed a second male, later identified as Richard Francisco LOPEZ-Montes, in the front passenger seat. Due to officer concerns and low visibility, the PRPD officers commanded both passengers to lower all the vehicle windows and to turn the engine off and both passengers complied. The PRPD officers then requested APONTE-Mejia and LOPEZ-Montes to please step out of the vehicle and they both complied.

4. While outside of the vehicle, the PRPD officers asked APONTE-Mejia and LOPEZ-Montes if they had anything illegal in their possession or inside the

vehicle. LOPEZ-Montes informed the PRPD officers he was in possession of a firearm and then voluntarily handed the officers a Beretta Nano 9mm firearm, SIN: NU043336, from the front portion of his waistband. The PRPD officers immediately made the weapon safe and discovered the Beretta Nano 9mm firearm, SIN: NU043336, was loaded with a round in the chamber. PRPD officers then asked LOPEZ-Montes if he had a weapon permit and LOPEZ- Montes admitted that he did not. At that time, CCSF agents conducted the appropriate weapons and permit checks for LOPEZ-Montes, which yielded negative results. PRPD officers then asked if there was anything else to report and APONTE-Mejia replied that there was another firearm inside the white Nissan Frontier. PRPD officers asked APONTE-Mejia if he had a weapon permit and APONTE-Mejia responded that he did not. At that time, CCSF agents conducted the appropriate weapons and permit checks for APONTE-Mejia, which yielded negative results.

5. APONTE-Mejia then provided the PRPD officers with verbal consent to search the white Nissan Frontier. The PRPD officers also asked for consent to conduct a K9 sniff of the white Nissan Frontier and APONTE-Mejia verbally agreed. At approximately 3:56 p.m., PRPD K9 Handler Agent Glorimar Sanchez, Badge No. 24337, and K9 Tango, Badge No. 33901, arrived at the scene.[1] K9 Tango's sniff of the outside of the Nissan Frontier resulted positive

---

[1] Controlled Substance Detection certificate was dated January 2018.

for the presence of contraband. At this point, APONTE-Mejia provided written consent to search the Nissan Frontier. Once the written consent was obtained, APONTE- Mejia notified the PRPD officers that a Glock 26, 9mm firearm, SIN: VTB325, was nudged in between the driver's seat and the center console inside the white Nissan Frontier. While conducting the vehicle search, the PRPD officers located the firearm, made the weapon safe, and discovered the Glock firearm was loaded with a round in the chamber. The PRPD officers continued the vehicle search and discovered a blue colored cooler with a gray top containing multiple duct tape wrapped bundles in the bed of the pickup truck. Based on the Affiant's training and experience, the packaging of the bundles is consistent with the methods of concealment used by drug trafficking organizations to transport contraband. When asked about the content of the bundles, APONTE-Mejia stated that the bundles contained USC.

6. Ultimately, DEA CCSF agents seized $500,010.00 USC from Jossue Manuel APONTE-Mejia and Richard Francisco LOPEZ-Montes in San Juan, PR. APONTE-Mejia and LOPEZ-Montes were arrested and charged with a violation of 18 U.S.C. §§ 1956(h) and 1956 (a)(1)(B)(i) for conspiracy to commit a money laundering offense. *See* Crim. Case No. 18-567-FAB.

7. In reference to these events, the following items were seized and held as evidence:

    a. one (1) Beretta Nano pistol, 9mm caliber, serial number NU043336;

    b. one (1) Beretta magazine with eight (8) rounds of 9mm caliber ammunition;

    c. one (1) Glock pistol, model 26, 9mm caliber, serial number VTB325;

    d. one (1) Glock magazine with 10 rounds of 9mm caliber ammunition; and

    e. one (1) Glock .40 magazine, with a capacity of 22 rounds of ammunition, with 21 rounds of 9mm caliber ammunition.

8. Per PR weapon checks, APONTE-Mejia and LOPEZ-Montes did not have gun permits in the Commonwealth of Puerto Rico at the time of their arrest. Per PR firearm registration records, neither firearm was registered in the Commonwealth of Puerto Rico.

9. On November 27, 2018, defendants Jossue Manuel APONTE-Mejia and Richard Francisco LOPEZ-Montes pled guilty as to count one in Crim. Case No. 18-567-FAB and were sentenced to forty-six (46) months of imprisonment. *See* Crim. No. 18-567-FAB, Docket No. 62.

10. In view of the foregoing, the undersigned has probable cause to believe that the seized firearms, magazines, and ammunition were used to facilitate the protection of the drug proceeds. Therefore, the aforementioned firearms, magazines, and ammunition are subject to forfeiture.

## CONCLUSION

Based upon my training and experience, and my participation in this investigation, I respectfully believe that sufficient probable cause exists to show

that there is present material evidence of a commission of a violation 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 881(a)(6); 18 U.S.C. §§ 924(a)(2), (c)(1)(A), and 922(g)(1).

Date: 19th August 2020

Lorena Jimenez, Special Agent
Drug Enforcement Administration

≋JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
US v. One Beretta Nano Pistol, 9mm caliber, serial number NU043336, et al.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Linet Suarez, AUSA, 350 Carlos Chardon Ave, Suite 1201, Hato Rey, PR 00918

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☒ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 790 Other Labor Litigation | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | **Habeas Corpus:** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 530 General | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | | |
| | | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 881(a)(6); 18 U.S.C. §§ 924(a)(2), (c)(1)(A), and 922(g)(1).

## VII. REQUESTED IN COMPLAINT:
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE: August 19, 2020
SIGNATURE OF ATTORNEY OF RECORD: s/Linet Suarez

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

 **United States District Court** *for the* **District of Puerto Rico**

## CATEGORY SHEET

1. Title of Case (Name of first party on each side only)

   US v. One Beretta Nano Pistol, 9mm caliber, serial number NU043336, et al.

2. Category in which case belongs: (See Local Rules)

   [X] ORDINARY CIVIL CASE    [CIVIL FORFEITURE]
   [ ] SOCIAL SECURITY
   [ ] BANK CASE
   [ ] INJUNCTION

3. Title and number, if any, of related cases (See Local Rules)

4. Has a prior action between the same parties and based on the same claim ever been filed in this Court?

   ☐ YES    [X] NO

5. Is this case required to be heard and determined by a District Court of three judges pursuant to Rule 28 U.S.C. 2284?

   ☐ YES    [X] NO

6. Does this case question the constitutionality of a state statute (FRCP 24)?

   ☐ YES    ☒ NO

(Please Print)

USDC ATTORNEY'S ID NO.: 03015

ATTORNEY'S NAME: LINET SUAREZ

MAILING ADDRESS: TORRE CHARDON, SUITE 1201, 350 CARLOS CHARDON AVE

HATO REY  PR   ZIP CODE 00918

TELEPHONE NO.: 787-766-5656